**Warren L. WAITE, Jr., Appellant,**

v.

**BANCTEXAS–HOUSTON,
N.A., Appellee.**

**No. 01–89–00066–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 7, 1990.

Steven E. Halpin, T. Michael Neville, Houston, for appellant.

C. Henry Kollenberg, Julia Cook, Houston, for appellee.

Before SAM BASS, COHEN and WARREN, JJ.

## OPINION

WARREN, Justice.

BancTexas obtained summary judgment against four individuals who personally guaranteed loans ("the guarantors"). Only one guarantor, Warren Waite, Jr., appeals.

Appellant Waite is a partner in Wilcrest I and II. In June 1983, Wilcrest I executed a $2,350,000 promissory note, and Wilcrest II executed a $400,000 promissory note, both payable to BancTexas. The notes were secured by deeds of trust to real estate, and appellant personally guaranteed the notes.

The promissory notes matured on June 13, 1985, and the partnerships defaulted. BancTexas foreclosed on the real estate, which sold at a foreclosure sale for less than the amount due under the notes, leaving deficiencies.

In July 1986, BancTexas sued the guarantors for the deficiencies. The guarantors filed general denials, and BancTexas later moved for summary judgment. While the summary judgment motion was pending, the guarantors raised affirmative defenses and asserted counterclaims.

On May 7, 1987, BancTexas obtained an interlocutory summary judgment on its deficiency claim. On August 15, BancTexas

moved to sever its adjudged deficiency claim from the unaddressed counterclaims. On August 19, BancTexas moved for final summary judgment on the counterclaims. On September 23, the trial court granted BancTexas' second motion for summary judgment, making the interlocutory summary judgment of May 7 final. It later granted the motion to sever which was signed in January 1988.

In three points of error appellant claims that the trial court erred in:

(1) granting each summary judgment;

(2) granting BancTexas' motion to dismiss appellants' counterclaim under the federal Bank Holding Company Act for lack of subject matter jurisdiction; and

(3) granting BancTexas' motion to sever and signing the subsequent order of severance.

A movant for summary judgment must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When the plaintiff moves for summary judgment, it must show that it is entitled to prevail on each element of its cause of action. The plaintiff meets the burden if it produces evidence that would be sufficient to support an instructed verdict at trial. *Braden v. New Ulm State Bank*, 618 S.W.2d 780, 782 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). In reviewing the lower court's judgment, we are guided by *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970), which teaches that the standard of review:

> is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the plaintiff's causes of action.

As explained below, BancTexas introduced uncontroverted evidence on each element of its deficiency cause of action.

*The First Summary Judgment*

■ First, appellant urges that the evidence was insufficient because:

(1) the affidavit of William A. Wirth, a vice-president of the bank, was not based on personal knowledge because Wirth was not employed by the bank when the foreclosure took place and he based his affidavit on written records and conversations with employees;

(2) the deeds of trust were not attached to appellee's motion or pleadings;

(3) Wirth's affidavit was legally insufficient because it:

  (a) did not recite the name of the bidder or bidders, or the name of the person who sold the property for the bank,

  (b) did not mention the time, place, and manner of sale,

  (c) did not identify applicable interest rates, and

  (d) is inconsistent with appellant's petition because it states that credits were applied to principal first; and

(4) the bank's motion for summary judgment mentions, but does not contain, the loan documents, a certificate of deposit, and interest checks which were applied against the debt.

We overrule appellant's points of error because none of the four deficiencies listed above was fatal to appellee's motion.

■ First, the fact that Wirth was not employed by the bank at the time of the foreclosure sale does not disqualify his testimony. If he gained knowledge of the facts testified to during his employment, the facts are admissible as a common law exception to the hearsay rule. *See, e.g., Coffee v. William Marsh Rice Univ.*, 408 S.W.2d 269, 284 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); TEX.R.CIV.EVID. 802 (hearsay inadmissible except as provided by rules ... *or by law*) (emphasis added). Further, Wirth's affidavit states that he is an assistant bank vice-president in charge of loans, and was responsible for loans such as those in issue. Wirth adequately shows *how* he gained personal knowledge of the foreclosure sale. *See J.T. Fulgham v. Stewart Title Guar. Co.*, 649 S.W.2d

128, 130 (Tex.App.—Dallas 1983, writ ref'd n.r.e.).

Further, none of the omitted items listed by appellant were necessary to prove a prima facie claim for deficiency. *See Huddleston v. Texas Commerce Bank–Dallas,* 756 S.W.2d 343, 347 (Tex.App.—Dallas 1988, writ denied).

■ Next, appellant claims that the first motion for summary judgment should not have been granted while counterclaims were outstanding. The court granted only an interlocutory summary judgment on the bank's cause of action, leaving the counterclaim of appellant and his co-defendants pending, which was the correct procedure. TEX.R.CIV.P. 166–A(a).

### The Second Summary Judgment

The bank's second motion for summary judgment was directed to appellant's counterclaim. It consisted of Wirth's affidavit and certain deposition testimony.

■ Appellant contends that the second summary judgment should not have been granted because there were unaddressed claims and unresolved fact issues. Initially there were four appellants; only Warren Waite remains in the case. Waite did not file an affidavit in opposition to the second motion for summary judgment. However, the other co-defendants and co-counterclaimants (who are no longer in the case) did. We will not discuss claims which no longer pertain to appellant. Appellant claims that two issues precluded the court from granting the second summary judgment:

(1) the note was ambiguous as to appellants' personal liability; and

(2) there were fact issues as to whether appellants could assert the defenses of usury, and disparity between purchase price and market value; whether appellants were "consumers" under the DTPA; and whether there was a cause of action for the bank's failure to use reasonable efforts to obtain bids at the foreclosure sale.

The clause in the note considered ambiguous by appellant reads:

Notwithstanding any other provision of this note, it is specifically agreed and understood that in the event of default in the payment of this note or in the obligations set out in the lien instruments securing same, the Payee, its successors or assigns, shall have no right to seek or secure a deficiency judgment against the Maker, its partners, successors or assigns, and the Payee's recourse shall be limited solely to the rights, remedies, and security provided under all instruments securing payment hereof. It is agreed, however, that neither this paragraph nor any other provision herein shall in any way affect Payee's rights, remedies, or liens in and to the above-described property or any part thereof, or any other property hereafter given as security for this note, or under the terms of any separate guaranty agreements executed and delivered to Payee relating to the payment of this note.

Appellant was a maker of the note and, along with the other makers, was also a guarantor. The note relieved the makers from personal liability but later specifically made them liable as guarantors. Appellant was sued not as a maker, but as a guarantor. Although the passage could be considered confusing, it is not ambiguous insofar as it pertains to appellant's liability as a guarantor.

We consider appellant's other contentions concerning unresolved fact issues to be without merit.

■ Disparity of purchase price and fair market value may be claimed only if there is also a claim and proof of a sale irregularity that contributed to the inadequacy of the purchase price. *American Sav. & Loan Ass'n. v. Musick,* 531 S.W.2d 581, 587 (Tex.1975). A borrower is not a "consumer" under the Texas Deceptive Trade Practices Act [1] because the lending of money is neither a good or service. *La Sara Grain Co. v. First Nat'l Bank,* 673 S.W.2d 558 (Tex.1984). A claim that a bank officer made an oral misrepresenta-

---

1. TEX.BUS. & COM.CODE ANN. § 17.41 et seq. (Vernon 1987).

tion that appellant would not have to worry about personal liability because of the excess collateral (if in fact a material misrepresentation occurred) would be forbidden by *Town N. Nat'l Bank v. Broaddus*, 569 S.W.2d 489 (Tex.1978).

Appellant's first point of error is overruled.

 In his second point of error, appellant claims the court erred in sustaining appellee's plea to the jurisdiction on his counterclaim under the anti-tying provisions of the Bank Holding Company Act, 12 U.S.C. § 1972(1) (1982).

The trial court found that it lacked jurisdiction to hear a case arising under the federal Bank Holding Company Act. We are of the opinion that jurisdiction of claims arising under the Act properly rests in the United States district court as well as Texas district courts. *Lane v. Central Bank of Ala.*, 756 F.2d 814, 816 (11th Cir.1985). Appellant's second point of error is sustained.

The trial court erred in dismissing the appellant's cause of action under the federal Bank Holding Company Act on jurisdictional grounds. The trial court's dismissal of appellant's counterclaim which is based on the Bank Holding Company Act is hereby vacated, and appellant's counterclaim is severed and remanded for further proceedings.

Point of error three maintains that the trial court erred in severing BancTexas' deficiency claims (done some 10 days after final judgment was rendered) and subsequently signing the order of severance (done three months after the severance). Appellant's contentions are meritless. A trial court has wide discretion in granting severances. TEX.R.CIV.P. 41; *see Jack R. Allen & Co. v. Wyler Textiles, Ltd.*, 371 S.W.2d 728, 730 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.). Severance of compulsory counterclaims is within the trial court's discretion. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 385–86 (Tex.1985). The trial court did not err in severing the deficiency action.

BancTexas' motion for severance was granted in open court on October 3, 1988. By oversight, the court failed to sign the order until January 3, 1989. The court's late signing of the order is valid. TEX.R.CIV.P. 316.

Points of error one and three are overruled. Point of error two is sustained, and the appellant's cause of action under the Bank Holding Company Act is remanded for further proceedings. The remainder of the judgment is affirmed.