**H.D. BOSWELL, Appellant,**

v.

**FARM & HOME SAVINGS ASSOCIATION, Appellee.**

No. 2–93–074–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 23, 1994.

Rehearing Overruled Oct. 11, 1994.

---

Danny C. Williams, Decatur, for appellant.

Trent A. Gudgel, G. Roland Love, McCauley, MacDonald, Love & Devin, Dallas, for appellee.

Before WEAVER, HICKS and FARRAR, JJ.

## OPINION

FARRAR, Justice.

Appellant, H.D. Boswell, appeals the trial court's partial summary judgment, and directed verdict on his cause of action alleging breach of contract, fraud and DTPA violation arising out of the sale of a tract of land and the dissolution of a joint venture agreement. In addition, appellant appeals the award of

$50,000 in actual damages to appellee, Farm and Home Savings Association.

We affirm.

In 1984, Boswell and Farm and Home entered into a joint venture agreement to hold, develop and sell real estate. The terms of the agreement provided that Farm and Home would hold fee simple title to any acquired land, and Boswell would receive fees and an interest in the profits.

The joint venture was dissolved in 1988. Boswell and Farm and Home executed a Mutual Release Agreement. Boswell signed an Assignment of Joint Venture Interest and Quit Claim Deed, and Farm and Home executed a Deed for Percentage of Royalty. However, the Deed for Percentage of Royalty was recorded before the Quit Claim Deed, and it was necessary for the parties to execute a Reconveyance and Deed of Distribution in 1989.

The dispute giving rise to the instant case arose from the dissolution of the joint venture and the 1990 sale of two tracts of land, known as the Ponderosa Ranch, located in Denton County. Boswell refused to close the transaction, maintaining that Farm and Home could not deliver clear title.

In 1967, John Field, not a party to this suit, owned an undeveloped piece of land known as the Ponderosa Ranch. On December 1, 1967, he conveyed as a gift an 18/78 interest in the land to the John Field Children Present Interest Trust naming himself as trustee. The deed was not acknowledged and was not recorded. Although a copy of the deed is in the record, the original gift deed was never delivered to the successor trustee and has not been located.

In 1968, Field died. The residue of his estate, which included the Ponderosa Ranch, was poured into a Testamentary Trust benefitting Field's children. The will was probated and recorded, along with the Inventory, Appraisement and List of Claims, in Dallas County. Of these documents, only the Inventory mentioned the conveyance of the 18/78 interest to the John Field Children Present Interest Trust. In October 1973, the will and order probating the will, were recorded in Denton County. The Inventory,

Appraisement and List of Claims was not recorded in Denton County. Neither the will nor the order reference the existence of the John Field Children Present Interest Trust nor do they describe any conveyance of any interest of any kind to the trust. In December 1973, the Ponderosa Ranch was conveyed by general warranty deeds without reservation of the 18/78 interest. The deeds were recorded in Denton County. The property was conveyed by general warranty deed numerous times during the subsequent period.

In February 1985, Farm and Home purchased the Ponderosa Ranch by warranty deed and without notice of the alleged defect in title. Farm and Home sold the property to the Denton Creek Ranch Partnership, May 20, 1985, conveying fee simple title by warranty deed. To secure the indebtedness, Farm and Home took a purchase money deed of trust on the property. Farm and Home took this deed of trust in good faith and without notice of the alleged title defect. When the partnership later defaulted on the purchase money deed of trust, Farm and Home purchased the property at a foreclosure sale. Farm and Home acquired title by substitute trustee's deed, without notice of the alleged defect, on February 2, 1988. In each of these transactions, the warranty deed, deed of trust and substitute trustee's deed, as applicable, were recorded in Denton County.

Sometime on or after February 2, 1988, Boswell learned of the prior conveyance of the 18/78 interest in the land and searched the title records in Dallas County. He found the Inventory which cited the conveyance and recorded it in Denton County in March 1988. In September 1988, a California buyer backed out of the purchase of the ranch due to a cloud on the title to the property.

On July 9, 1990, Sanders Campbell, Jr., as trustee, tendered $50,000 and entered into an earnest money contract to purchase the Ponderosa Ranch. Campbell assigned the contract to Boswell, August 22, 1990. The earnest money contract provided that Farm and Home would furnish a Special Warranty

deed at closing.[1] The title commitment referenced the Field trust claim and stated it would require a copy of the gift deed prior to closing and the acquisition of any outstanding interest. When the title company agreed to remove the exception regarding the trust, Boswell objected. Boswell claims to have "taken the initiative" to purchase the outstanding 18/78 interest to enable him to acquire clear title to the property. Farm and Home disputes this. Boswell has not cited us to a quit-claim deed or other instrument to establish he acquired title to this interest.

At closing, Farm and Home tendered a Special Warranty Deed. The exceptions forming a part of the deed do not reference any claim of the John Field Children Present Interest Trust. Boswell refused to close the transaction, claiming the Special Warranty Deed was not sufficient to award clear title as required by the earnest money contract.

Stewart Title Company commenced this action as an interpleader to determine the ownership of the $50,000 held in escrow. A settlement was reached, and Stewart Title was awarded $3,750 from the funds held in the registry of the court. Stewart Title was dismissed from the lawsuit, and the trial court realigned the parties.

Boswell claimed Farm and Home committed fraud in a real estate transaction, TEX. BUS. & COM.CODE ANN. § 27.01 (Vernon 1987), violated the DTPA, TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon 1987 & Supp.1994) and breached the contract by being unable to convey fee simple title to the property. He later amended his petition to seek partition of the 18/78 interest and added claims for breach of fiduciary duty and fraud arising out of the dissolution of the joint venture. Farm and Home counterclaimed to quiet title

and asserted Boswell had breached the earnest money contract by failing to close on the Ponderosa Ranch. Farm and Home moved for summary judgment on all claims. The trial court granted a partial summary judgment, finding that Farm and Home had neither actual nor constructive notice of an alleged conveyance to the John Field Children Present Interest Trust in an undivided 18/78 interest in the land prior to acquiring the land February 2, 1988 and held fee simple title to the property.

The remaining portion of the case proceeded to trial. At the conclusion of the evidence, the trial court entered a directed verdict in favor of Farm and Home, finding Boswell had failed to introduce any probative evidence of his claims arising out of the joint venture dissolution. The trial court further found that Boswell had breached the earnest money contract for the sale of the Ponderosa Ranch. The only issue submitted to the jury was whether Farm and Home was entitled to attorney's fees. The final judgment awarded Farm and Home $50,000 as actual damages and an award for attorney's fees.

■ In point of error one, Boswell complains the trial court erred in granting summary judgment finding Farm and Home had neither actual nor constructive notice of any conveyance to the John Field Children Present Interest Trust prior to February 2, 1988 and held fee simple title to the property. Boswell further complains the trial court erred because there is a genuine issue of fact regarding the ownership of the $50,000 earnest money held in escrow. This issue was not the subject of the trial court's summary judgment and is not properly included in point of error one. However, we construe appellant's brief liberally and consider

---

1. The contract provided that at closing, Farm and Home would deliver "[a] duly executed and acknowledged Special Warranty Deed ... attached ... and made a part hereof for all purposes, conveying good and indefeasible title in fee simple to all of the [p]roperty, free and clear of any and all liens, encumbrances, conditions, easements, assessments, reservations and restrictions, except as permitted herein and/or approved by [b]uyer in writing...." The habendum clause of the Special Warranty Deed which formed a part of the earnest money contract provided: "TO HAVE AND TO HOLD the above de-

scribed premises; except as aforesaid, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said Grantee, its successors, legal representatives and assigns forever, and Grantor does hereby bind itself, and its successors and assigns to WARRANT AND FOREVER DEFEND all and singular the said premises, except as aforesaid, unto the said Grantee, its successors, legal representatives and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof, by, through or under the Grantor, but not otherwise."

whether the trial court erred in directing the verdict on the issue. TEX.R.APP.P. 74. In addition, Boswell contends the trial court erred in granting summary judgment because issues exist regarding whether Boswell was fraudulently induced to sign the Mutual Release Agreement and Reconveyance and Deed of Distribution, executed in connection with the partnership dissolution. Again, we note this point was not the subject of the trial court's summary judgment and is not properly included in point of error one. However, we construe appellant's brief liberally and consider whether the trial court erred in directing the verdict on this issue in our discussion of related issues in point of error two. TEX.R.APP.P. 74.

To be entitled to a summary judgment, the movant must prove he is entitled to summary judgment as a matter of law. *Westland Oil Dev. Corp. v. Gulf Oil,* 637 S.W.2d 903, 907 (Tex.1982). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979).

■ Boswell contends that Farm and Home was on constructive notice of the conveyance to the John Field Children Present Interest Trust because the will and order probating the will were recorded in Denton County. Boswell claims these documents placed Farm and Home on inquiry notice. *See Westland Oil Dev. Corp.,* 637 S.W.2d at 908. Boswell contends the will and order obliged the title examiner to search the Dallas records to determine whether any other documents existed pertaining to Ponderosa Ranch. If he had he would have discovered the Inventory and Appraisement referencing the conveyance of the 18/78 interest to the Field trust. This would have put the examiner on notice of the gift deed.

■ Boswell's claim is without merit. The gift deed is void to Farm and Home, as a bona fide purchaser for value, because it was neither acknowledged nor recorded in the county in which the property is domiciled. *See* TEX.PROP.CODE ANN. §§ 11.001 (Vernon 1984 & Supp.1994), 13.001(a) (Vernon Supp. 1994). Contrary to Boswell's contention, the determination that a grantee is a bona fide purchaser is a legal conclusion. *Smith v. Morris & Company,* 694 S.W.2d 37, 39 (Tex. App.—Corpus Christi 1985, writ ref'd n.r.e.). One who buys property in good faith for valuable consideration, without actual or constructive knowledge of outstanding claims, is a bona fide purchaser and he will prevail over the holder of a prior equitable title. *NRG Exploration, Inc. v. Rauch,* 671 S.W.2d 649, 653 (Tex.App.—Austin 1984, writ ref'd n.r.e.). An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument. TEX.PROP.CODE ANN. § 13.002 (Vernon 1987). However, an instrument conveying real property is not even eligible for recording unless it is signed and acknowledged by the grantor in the presence of two or more subscribing witnesses or a notary. TEX.PROP.CODE ANN. § 12.001(b) (Vernon Supp.1994). The gift deed contained in the record is not acknowledged by the grantor nor was it witnessed or notarized.

■ Of equal importance to the instant case, in order to be effective notice, an acknowledged deed must be recorded in the county in which the property is located. TEX.PROP.CODE ANN. § 11.001(a) (Vernon

1984 & Supp.1994); *Wren v. Howland,* 75 S.W. 894, 900 (Tex.Civ.App.—1903, writ ref'd). Boswell relies on *Westland Oil Dev. Corp. v. Gulf Oil* for the proposition that the title examiner had a duty to search the probate records in Dallas County. 637 S.W.2d at 908. Any recital of fact or reference to other documents puts the purchaser on inquiry, and he is bound to inquire, step by step, until the whole series of title deeds has been examined and a complete knowledge is obtained of all referenced and relevant matters affecting the estate. *Id.* A search of the Dallas probate records would only lead the title examiner back to Denton County to search for a recorded gift deed. The gift deed was ineligible for recording in Dallas County. *See Wren,* 75 S.W. at 900. To provide effective notice, the gift deed must have been recorded in Denton County. We conclude there was no constructive notice of the gift deed.

■ As the claimed successor in interest to the trust, Boswell has the burden of proving Farm and Home had actual knowledge of the outstanding equitable claim from the John Field Children Present Interest Trust prior to acquiring title on February 2, 1988. *See Westland Oil Dev. Corp,* 637 S.W.2d at 907. Boswell has failed to provide any evidence that Farm and Home had actual knowledge of a valid claim. Boswell makes numerous factually inaccurate assertions. First, he asserts that two documents which were written and signed after February 2, 1988 indicate that "[Farm and Home] could not possibly have held fee simple title." One is the execution of Mutual Release Agreement which Boswell characterizes as the purchase of his equitable interest by Farm and Home. While the agreement recites the foreclosure of February 2, 1988, it does not except or reference the Field claim or show that Farm and Home had actual notice of that claim. The second is the Reconveyance and Deed of Distribution executed August 10, 1989. This document explicitly conveyed only the mineral interests in the tract. Moreover, the property description describes the conveyances to John Field and makes no reference to any later conveyance to the John Field Children Present Interest Trust. Boswell contends these documents verify that Farm and Home acknowledged Boswell's ownership interest. Boswell's ownership interest was not at issue February 2, 1988. We do not agree with Boswell's factual assertions and do not see the relevancy of these documents regarding the issue of actual or constructive notice as of February 2, 1988.

In addition, Boswell asserts a revised limited title report, dated June 28, 1988, prepared for Mitchell Energy Corporation by Phillip Patrick, an attorney, and informing Mitchell of the conveyance to the John Field Children Present Interest Trust, shows that Farm and Home had knowledge of the cloud on the title before the proposed closing date for the sale of the Ponderosa, September 5, 1990. Mitchell employed Patrick to prepare this report. Again we fail to see how the letter sent to a third party, more than a year after Farm and Home acquired the property, could provide notice to Farm and Home as of February 2, 1988.

Boswell cites us to the Stewart Title Commitment dated July 24, 1990, a limited title report sent to Mitchell Energy Company, dated June 28, 1988, informing them of the outstanding claim of the Field trust, and an unverified copy of the Inventory, Appraisement and List of Claims recorded in Dallas County. Nothing in these documents establishes that Farm and Home had either constructive or actual knowledge of the John Field Children Present Interest Trust prior to acquiring title February 2, 1988.

Boswell also cites a letter to Hexter–Fair. However, this is not summary judgment evidence, was not considered by the trial court and is not properly before us on this issue. Other evidence cited to this court is equally unpersuasive and also is not summary judgment evidence. These include R. George Latham, Jr.'s letter, dated September 5, 1988, asserting uncertainty regarding title, and the Reconveyance and Deed of Distribution, executed August 10, 1989 as evidence of Farm and Home's actual knowledge of an equitable claim prior to acquisition of the property February 2, 1988. Finally, Boswell asserts that because he was an agent of Farm and Home, his knowledge of a possible

defect in title which he allegedly learned at the foreclosure sale imputes actual notice to Farm and Home. Boswell cites us to no evidence establishing this fact and cites no authority which supports his contention. The case upon which Boswell relies stands only for the proposition that, as to third parties, knowledge of one partner is binding on the other party. *Napper v. Johnson,* 464 S.W.2d 496, 498 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). We conclude the gift deed is void as to bona fide purchasers for value and it can create no valid claim to title.

■ Boswell further contends that the affidavit of William Mather, attached to Farm and Home's motion for summary judgment, is incompetent for lack of personal knowledge. Boswell contends that because Mather was not employed by Farm and Home at the time of some of the attested events occurred, he lacked personal knowledge. The fact that Mather was not employed by Farm and Home, at the time the attested events occurred, does not disqualify his testimony providing he gained knowledge of the facts during his employment. *See Waite v. BancTexas–Houston N.A.,* 792 S.W.2d 538, 540 (Tex.App.—Houston [1st Dist.] 1990, no writ). A person's position or job responsibilities can peculiarly qualify him to have personal knowledge and establish how he learned of the facts. *Sparks v. Cameron Emp. Credit Union,* 678 S.W.2d 600, 603 (Tex.App.—Houston [14th Dist.] 1984), *overruled on other grounds, McConnell v. Southside Independent School Dist.,* 858 S.W.2d 337, 340 (Tex.1993). Boswell neglects to inform this court that a supplemental affidavit, attached to Farm and Home's supplemental motion for summary judgment, establishes Mather's personal knowledge arising from direct participation in transactions concerning the property which occurred after June 1, 1990, the date he began working for appellee. In addition, Mather states he is familiar with the records pertaining to earlier transactions. These records are all recorded documents. This is sufficient to establish personal knowledge.

■ Boswell further complains the trial court erred because there was a genuine issue of fact regarding the ownership of the $50,000 earnest money held in escrow. As noted above this issue was not addressed by the summary judgment; however, the trial court declined to submit the issue to the jury.

■ A directed verdict under Tex.R.Civ.P. 268 is proper only under limited circumstances. These include: 1) a specified defect in the opponent's pleading makes it insufficient to support a judgment; 2) the evidence conclusively establishes the right of the movant to judgment or negates the right of his opponent; 3) the evidence is insufficient to raise a fact issue which must be established before the opponent is entitled to judgment. *Rowland v. City of Corpus Christi,* 620 S.W.2d 930, 932–33 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.); *Ottis v. Haas,* 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.).

In the instant case, the trial judge found that Boswell failed to introduce any probative evidence in support of his claims. In our review, we must consider the evidence in a light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *See Jones v. Tarrant Utility Co.,* 638 S.W.2d 862, 865 (Tex.1982); *Texas Employers Ins. Ass'n v. Page,* 553 S.W.2d 98, 102 (Tex.1977). In addition, the appellate court must determine if there is any conflicting evidence of probative force to raise a fact issue on any theory of recovery. *White v. Southwestern Bell Telephone Co., Inc.,* 651 S.W.2d 260, 262 (Tex.1983); *Jones,* 638 S.W.2d at 865. If there is any such evidence on any theory of recovery, a determination of that issue is for the jury. *White,* 651 S.W.2d at 262.

We conclude there was no fact issue regarding the ownership of the $50,000 earnest money. This issue was effectively decided by the trial court's summary judgment finding that Farm and Home owned fee simple title to Ponderosa Ranch. Boswell claims the property description in the Special Warranty Deed was not the same description as was contained in the Title Commitment from Stewart Title. This is true; however, Boswell again mischaracterizes the facts. The property description in the title commitment was incomplete, having excluded page 3 of

the property description. However, the description attached to the Special Warranty Deed was complete. In addition, the title commitment contained six exceptions that required resolution prior to closing to avoid being excepted from the title policy. One of these was the alleged conveyance to the Field trust. The title policy did not include any of these six exceptions. Farm and Home was able to deliver fee simple title under the Special Warranty Deed as provided in the earnest money contract. Farm and Home tendered performance on September 12, 1990. Boswell refused to close, asserting an unmeritorious claim. Boswell breached the contract as a matter of law when he failed to close the transaction. The contract unambiguously provided for liquidated damages in the amount of $50,000 in favor of the nonbreaching party. Boswell's contention has no merit. Point of error one is overruled.

 In point of error two, Boswell contends the trial court erred in granting a directed verdict at the conclusion of his evidence. Boswell claims a fact issue exists regarding fraud, claiming evidence of an alleged post-execution alteration of the Deed for Percentage of Royalty raised a fact issue sufficient to warrant submission of the issue to the jury.[2] In addition, we consider Boswell's contention, raised in point of error one, that a fact issue exists regarding whether he was fraudulently induced to sign the Mutual Release Agreement and Reconveyance and Deed of Distribution executed in connection with the partnership dissolution. Boswell claims Farm and Home assured him that a lease had been negotiated and executed with Mitchell Energy when in fact a lease had not been negotiated and when Farm and Home had no intention of signing a lease. The trial court declined to submit either issue to the jury finding Boswell failed to introduce any probative evidence in support of his claims.

We therefore look to see if any probative evidence was submitted on the issues and conclude there is none.

Boswell has failed to produce any evidence in support of the alleged fraudulent inducement in the execution of the Mutual Release Agreement, Deed for Percentage of Royalty. Boswell claims he was paid $13,640 by Farm and Home in 1988 which included his share of the bonus under the proposed Mitchell lease. Even if Boswell had cited us to evidence in the record establishing this fact, a payment purported to include an unspecified bonus proves nothing. In addition, the presence of a Mitchell employee at the foreclosure sale is not evidence of any fraudulent representation made by Farm and Home regarding their intent to immediately execute an oil lease.

 In addition, Boswell fails in his attempt to establish fraud in the inducement arising out of the alleged post-execution alteration of the Deed for Percentage of Royalty, dated June 3, 1988. The only evidence advanced by Boswell is the deed and his testimony that the deed was altered after it was executed and the deed itself. Boswell claims the deed was not altered in his presence and further asserts he did not discover the change until after it was returned to him following recording. At first glance, it might appear that a genuine issue of material fact exists. The record reflects Scott Jackson, the attorney for Farm and Home who drafted the Deed for Percentage of Royalty, was present when the deed was executed by Farm and Home and delivered to Boswell. Jackson stated that when he originally wrote the deed, he had made an error by including bonuses payable to Boswell. Boswell had already been paid the bonus. Boswell was present when every reference to a bonus was struck and the deed was executed. Boswell recorded the deed.

2. Farm and Home contends we should not reach this issue because it was not properly plead. Boswell's Second Amended Petition complains of fraud in the inducement in the dissolution of the partnership. Boswell's First Supplemental Petition to his Second Amended Petition prays for rescission of the "1988 Dissolution Agreement" claiming it had been materially altered "striking the provisions providing for the execution of an oil and gas lease as a portion of the consideration. The agreement recites consideration for said lease bonus." There is no document entitled Dissolution Agreement, and the only document from which "bonus" was struck throughout, was the Deed for Percentage of Royalty. We construe the pleadings were sufficient to put Farm and Home on notice of the claim involved. TEX.R.CIV.P. 47.

However, this agreement was superseded by the Reconveyance and Deed of Distribution executed in 1989. This document was executed by Farm and Home because the 1988 Deed of Percentage of Royalty had been recorded prior to the recording of the Quit Claim Deed executed by Boswell. This error in order of recordation wiped out all interests acquired by Boswell under the Deed for Percentage of Royalty. The reconveyance expressly provides that Boswell will not participate in any bonuses. Accordingly, it is irrelevant whether the original deed was amended before or after it was executed, with or without Boswell's knowledge. Its terms, as amended, were ratified by the reconveyance signed one year later when no production had begun. Boswell has waived any complaint regarding the striking of a bonus. *See Sawyer v. Pierce*, 580 S.W.2d 117, 122–23 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Moreover, Boswell has failed to produce any evidence in support of the alleged fraudulent inducement in the execution of the Reconveyance and Deed of Distribution. Boswell cites us to four documents, the Reconveyance and Deed of Distribution, the Mutual Release Agreement, the Deed for Percentage of Royalty and an unexecuted mineral lease, as his sole evidence. None of these document provides any evidence of fraudulent intent. Both the reconveyance and the superseded Deed for Percentage of Royalty expressly reserve to Farm and Home all executive rights and expressly disclaim any obligation to exercise its executive rights. The Mutual Release Agreement expressly provides:

> [N]o promises or representations were made by anyone concerning this compromise, which promises or representations are not set forth in this Agreement and the documents executed concurrently with this Agreement ... all negotiations and prior understanding and/or agreements between the parties hereto relative to the Joint Venture, the Venture Property or any other matters or transactions referenced [above] are intentionally abandoned and not included herein. All such prior negotiations and agreements pertaining to the subject matter hereof are merged in this Agreement and the documents executed in connection herewith.

Boswell cites us to no other evidence in support of his allegation of fraud relative to Reconveyance and Deed of Distribution. We hold that because Boswell has failed to produce any probative evidence regarding fraudulent inducement regarding the Deed for Percentage of Royalty, the Mutual Release Agreement and the Reconveyance and Deed of Distribution, the trial court properly declined to submit the issue to the jury for a fact finding. Point of error two is overruled.

In point of error three, Boswell directs us to page 898 of the record and contends the trial court erred in granting Farm and Home's Motion in Limine. Boswell contends the motion sought to limit the entry of evidence from designated experts regarding the existence of a cloud on the title of Ponderosa Ranch. Boswell claims he was harmed because his expert, Phillip Patrick, was not permitted to testify and directs us to volume 2, pages 155–172 of the Statement of Facts for the bill of exception. Boswell's contention is without merit.

First, Boswell mischaracterizes the subject matter of the allegedly improper motion; the motion on page 898 asked the trial court to limit the entry of parol evidence regarding the dissolution of the joint venture. Moreover, a review the record shows the trial court signed an order reinstating Boswell's experts, allowing Patrick to testify at trial. A review of the cited pages shows that Patrick in fact testified before the jury. No complaint has been presented. Even if Boswell's assertions were factually accurate, a motion in limine is merely a preliminary motion and a ruling on the motion is not appealable. *Hartford Accident & Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963). An order in limine, excluding admission of or reference to certain evidence is not a final appealable order. *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.*, 715 S.W.2d 658, 662 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). The point of error is overruled.

Finally, in point of error four, Boswell complains the trial court erred in award-

ing damages to Farm and Home in the amount of $50,000 for breach of contract for failing to close the earnest money contract on Ponderosa Ranch. Specifically, Boswell claims Farm and Home plead only to recover "escrowed funds" and the amount held in the registry of the court at the time of trial was only $46,250. Farm and Home, in fact, prayed for actual damages and $46,250 on deposit in the registry of the court. Farm and Home also plead facts regarding signing and assignment of the earnest money contract and plead that it was entitled, under the terms of the contract, to receive $50,000 in earnest money in the event the buyer failed to complete the transaction.

The earnest money contract reads:

Unless otherwise provided for herein, if Buyer fails to comply herewith, Seller may, as Seller's sole and exclusive remedy, terminate this contract and receive the *Earnest Money* as liquidated damages. [Emphasis added.]

This pleading of the cause of action is sufficient to apprise the trial court of facts from which the court can determine the proper measure of damages. *Hedley Feedlot, Inc. v. Weatherly Trust*, 855 S.W.2d 826, 834 (Tex. App.—Amarillo 1993, writ denied) (op. on reh'g). The diminution in the escrow account due to the settlement of Stewart Title's claims is not relevant to the amount of damages owed to Farm and Home under the contract and does not limit its recovery. Point of error four is overruled.

Because we find no error, we affirm the trial court's judgment.