CALSTAR PROPERTIES V. ROLLINS ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-266-CV

CALSTAR PROPERTIES, L.L.C. APPELLANT

V.

ROLLINS ACCEPTANCE COMPANY, APPELLEES

A DIVISION OF ROLLINS, INC. AND 

ORKIN EXTERMINATING COMPANY, INC.

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Calstar Properties, L.L.C. appeals from a partial summary judgment, which was later made final, rendered in favor of Rollins Acceptance Company (“Rollins”) and Orkin Exterminating Company, Inc. (“Orkin”), against Calstar Properties, L.L.C. (“Calstar Properties”) and Calstar, L.L.C. (“Calstar”).  In one issue, Calstar Properties asserts that the trial court erred by granting the motion for partial summary judgment because: (1) Rollins and Orkin’s summary judgment evidence is insufficient and (2) there were genuine issues of material fact.  We affirm.

BACKGROUND
   

On June 8, 1999, Orkin entered into a “5-Year Subterranean Termite Retreatment Agreement” with the Green Oaks Hotel in which the Green Oaks Hotel agreed to pay Orkin $23,744.63 for Orkin’s termite services.  Orkin performed under the contract by inspecting and treating the hotel permises on June 30, 1999, but the hotel did not pay Orkin. 

On November 11, 1999, “Calstar Properties d/b/a Green Oaks Hotel”  entered a Retail Installment Contract with Rollins Acceptance Company, of which Orkin is a subsidiary, that allowed Calstar Properties to pay the $23,744.63 in twelve monthly installments of $2,194.95.  The Retail Installment Contract was signed by Chi In Jones in his capacity as “Vice President/CFO” of “Calstar Properties d/b/a Green Oaks Hotel.”  Neither Orkin nor Rollins received any payments for the termite control services Orkin provided.   

Rollins and Orkin sued Calstar Properties, Calstar, and Sunstone L.L.C. for breach of contract, fraud, negligent misrepresentation, and unjust enrichment. The trial court granted Rollins and Orkin’s motion for partial summary judgment on the breach-of-contract claim.  Rollins and Orkin then nonsuited Sunstone L.L.C. and nonsuited the fraud, negligent misrepresentation, and unjust enrichment claims against both Calstar entities.  The trial court entered final judgment in favor of Rollins and Orkin, ordering Calstar Properties and Calstar to pay damages, post-judgment interest, court costs, and attorneys fees.  Calstar does not appeal the judgment.

STANDARD OF REVIEW

In a traditional summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979). 
Evidence that favors the movant's position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).
  Once the movant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the nonmovant to come forward with competent controverting evidence raising a genuine issue of material fact.  
Centeq
 
 Realty, Inc. v. Siegler
, 899 S.W.2d 195, 197 (Tex. 1995).

DISCUSSION

The motion for summary judgment was supported by the affidavit of Steve Woodruff, Orkin’s Region Manager for the Northeast Texas Region.  Both contracts and the Orkin inspection and treatment reports were attached to the affidavit.  Calstar Properties did not controvert the affidavit.  Instead, its response consisted of objections based on contentions that the affidavit was conclusory, not based on personal knowledge, and referenced hearsay documents.  Calstar Properties did not obtain a ruling from the trial court on these objections.
  An affidavit of Sailor Kennedy, attached to the response, did not identify his relationship with any party to the case and did not contain any statements pertaining to Calstar Properties
’ liability.  

“A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, . . . if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.”  
Tex. R. Civ. P. 
166a(c).  Woodruff’s affidavit sets forth facts concerning both contracts, Orkin’s work at the Green Oaks Hotel, and Calstar Properties’ failure to pay as required by the second contract.  These facts could have been easily controverted, but they were not.

Woodruff avers that the statements made in his affidavit are based on his personal knowledge, and he explains that he acquired that personal knowledge  as a result of his position and job duties as Orkin’s regional manager.  The requirement that summary judgment affidavits be made on personal knowledge is satisfied by an affirmative showing in the affidavit of how the affiant became personally familiar with the facts so as to be able to testify as a witness.  
Coleman v. United Sav. Ass’n of Tex., 
846 S.W.2d 128, 131 (Tex. App.—Fort Worth 1993, no writ.).  A person’s position or job responsibilities can peculiarly qualify him to have personal knowledge concerning each of the facts in the supporting affidavit.  
Boswell v. Farm & Home Sav. Ass’n, 
894 S.W.2d 761, 768 (Tex. App.—Fort Worth 1994, writ denied).  The statements in Woodruff’s affidavit were adequately shown to have been based on his personal knowledge and were not conclusory.

Both contracts and the Orkin inspection and treatment reports concerning Orkin’s work at the Green Oaks Hotel were attached as exhibits to Woodruff’s affidavit. 
 See
 
Tex. R. Evid.
 902(10)(a).  In his affidavit, Woodruff stated that those documents were (1) made by, or from information transmitted by, a person with knowledge of the events or conditions recorded; (2) the documents were made at or near the time of the events or conditions recorded; and (3) the documents were made and kept in the regular course of Orkin business.  Therefore, the documents fall within the business records exception to the hearsay rule.
  
See
 
Tex. R. Evid.
 803(6); 
see also 
Zarges v. Bevan, 
652 S.W.2d 368, 369 (Tex. 1983) (op. on reh’g) (holding affidavit attached to motion for summary judgment that incorporates and authenticates document renders document competent summary judgment proof). 

To prevail on their breach-of-contract claim, Rollins and Orkin had to show that there was a valid contract, that the contract created duties, that Calstar Properties breached a duty under the contract, and that Rollins and Orkin suffered damages as a result.  
Snyder v. Eanes Indep. Sch. Dist., 
860 S.W.2d 692, 695 (Tex. App.—Austin 1993, writ denied).
 
Through Woodruff’s affidavit, Rollins and Orkin established that there was a valid contract between Rollins and Calstar Properties, signed by Chi In Jones in his corporate capacity as vice-president and CFO of 
Calstar Properties, obligating Calstar Properties  to make monthly payments to Rollins for the work its subsidiary, Orkin, had already performed at the Green Oaks Hotel and for which it was owed the lump sum amount of $23,744.63.  Woodruff’s affidavit also showed that Calstar Properties made no payments, and that Rollins suffered damages. 

In its brief, Calstar Properties lists, without discussion, what it characterizes as eleven “obvious” genuine issues of material fact.  However, after Rollins and Orkin established their right to summary judgment on the breach-of-contract claim, Calstar Properties offered no controverting summary judgment evidence.  
Centeq
 
Realty
, 899 S.W.2d at 197.
  The eleven issues listed by Calstar Properties in its brief either were proven by Rollins and Orkin, were immaterial, or, as Calstar Properties admits, were irrelevant. 

CONCLUSION

We hold that Rollins and Orkin established, by competent summary judgment evidence, that they were entitled to summary judgment on their breach-of-contract claim against Calstar Properties.  Accordingly, we overrule Calstar Properties’ issue and affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED:  June 12, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.