*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00318-CV

Guadalupe **LOPEZ** and YinYin Zhu Lopez,
Appellants

v.

**SONIC RESTAURANTS, INC.** and Robert Martinez,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-01966
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  October 13, 2010

AFFIRMED

Guadalupe Lopez and Yin Yin Zhu Lopez sued Sonic Restaurants, Inc. and Robert Martinez for defamation. The trial court granted Sonic and Martinez's amended motion for no evidence and traditional summary judgment. In their *pro se* brief, the Lopezes list three issues as being presented; however, a brief must contain a clear and concise argument of the contentions made, and the arguments contained in the brief do not directly correspond to the three issues presented. *See* TEX. R. APP. P. 38.1(i). Accordingly, we will address only the contentions made

in the argument portion of the Lopezes' brief. The Lopezes' brief contains four separate sections entitled argument, contending: (1) the trial court erred in granting summary judgment because the affidavits attached to the motion were not based on personal knowledge; (2) the trial court erred in denying the Lopezes' motion for continuance and granting the summary judgment before the deadline for discovery contained in the agreed docket control order; (3) the trial court erred in considering evidence that was protected by the work product privilege; and (4) the trial court erred in granting summary judgment because the trial court's order did not conclude that Sonic and Martinez negated at least one element of the Lopezes' cause of action. For the reasons stated in this opinion, we overrule the Lopezes' contentions and affirm the trial court's order.

### SUMMARY JUDGMENT ORDER

In the Lopezes' fourth argument, they contend the trial court erred in granting summary judgment because the order did not conclude that Sonic and Martinez had conclusively negated at least one element of the Lopezes' cause of action. We first note that a trial court is not required to specify the ground upon which it grants summary judgment. *Reynolds v. Murphy*, 188 S.W.3d 252, 258-59 (Tex. App.—Fort Worth 2006, pet. denied). Instead, when a trial court's order does not specify the basis for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

We further note that Sonic and Martinez moved for summary judgment on both no evidence and traditional summary judgment grounds. TEX. R. CIV. P. 166a(c), 166a(i). Although the movant in a traditional summary judgment must show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law, the movant in a no evidence summary

judgment is only required to assert there is no evidence as to one or more essential elements of a claim. TEX. R. CIV. P. 166a(c), 166a(i). A trial court must grant a no evidence motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i). Therefore, under the no evidence motion, Sonic and Martinez were not required to conclusively negate an element of the Lopezes' cause of action.

Finally, an appellant must attack every ground upon which summary judgment could have been granted to obtain a reversal. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Krueger v. Atascosa County*, 155 S.W.3d 614, 621 (Tex. App.—San Antonio 2004, no pet.). "Unless an appellant has specifically challenged every possible ground for summary judgment, the appellate court need not review the merits of the challenged ground and may affirm on an unchallenged ground." *Krueger*, 155 S.W.3d at 621. In this case, the Lopezes' brief does not challenge every possible ground on which the trial court's summary judgment could have been based. In fact, the Lopezes' arguments are procedural ones, challenging the trial court's consideration of certain evidence and its timing, rather than arguments attacking the grounds on which the summary judgment could have been granted.

The Lopezes' fourth argument is overruled.

### PERSONAL KNOWLEDGE

In their first argument, the Lopezes contend the trial court erred in granting summary judgment because the affidavits attached to Sonic and Martinez's motion do not satisfy the requirement that they be based on personal knowledge. We first note that the Lopezes' complaint has not been preserved for our consideration. In order to preserve error for an appellate court's consideration, the record must show that a complaint was made to the trial court by a timely objection, and the trial court ruled on the objection. TEX. R. APP. P. 33.1(a). An

objection that an affidavit is not based on personal knowledge is one of form. *Clarendon Nat'l Ins. Co. v. Thompson*, 199 S.W.3d 482, 490 n.7 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.). Failure to obtain a ruling on an objection to form does not preserve the complaint for appellate consideration *Clarendon Nat'l Ins. Co.*, 199 S.W.3d at 490 n.7; *Thompson*, 127 S.W.3d at 450. Because the record in this case does not show that the trial court ruled on the objections made by the Lopezes, the complaint that the affidavits were not based on personal knowledge was not preserved for appellate review.

Even if the complaint had been preserved, however, we would overrule it on its merits. Rule 166a(f) of the Texas Rules of Civil Procedure requires an affidavit to be based on personal knowledge. TEX. R. CIV. P. 166a(f). This requirement is satisfied if the affidavit reflects how the affiant gained personal knowledge of the matters discussed in the affidavit. *Waite v. BancTexas-Houston, N.A.*, 792 S.W.2d 538, 540-41 (Tex. App.—Houston [1st Dist.] 1990 no writ).

Martinez's affidavit stated that it was based on personal knowledge and explained how he gained personal knowledge. Martinez explained that he was working as an assistant manager at a Sonic Drive-In when an employee reported that she delivered a drink to man who appeared to be wearing no pants. Martinez then explained that he contacted the 911 operator and informed the operator of the employee's report. Accordingly, Martinez had personal knowledge that the employee made a report and personal knowledge of the phone call he made to the 911 operator.

Similarly, the affidavit of Officer Ernest T. Lane also stated that it was based on personal knowledge and explained how he gained personal knowledge. Officer Lane explained that he was the responding officer and made direct contact with Mr. Lopez. Officer Lane personally observed that Mr. Lopez appeared to be wearing no shorts or pants. Upon further observation,

however, Officer Lane saw that Mr. Lopez actually was wearing very short shorts that were almost the same color as his skin. Accordingly, Officer Lane's affidavit reflects how he gained personal knowledge of the matters he discusses in the affidavit. *See id*.

The Lopezes' first argument is overruled.

## ATTORNEY WORK PRODUCT

In their third argument, the Lopezes contend the trial court "abused its discretion in bench decision denying Plaintiffs motion for continuance and objections to Defendants summary judgment evidence and failing to review affidavit(s) contents, clearly revealing that documents contained therein were attorney work product." The nature of the Lopezes' complaint as it relates to attorney work product is difficult to surmise from the brief. The only summary judgment evidence attached to Sonic and Martinez's motion was: (1) a partnership agreement; (2) a lease agreement; (3) Martinez's affidavit; (4) Officer Lane's affidavit; and (5) the transcript from Mr. Lopez's deposition. These are all proper forms for summary judgment evidence. *See generally* Timothy Patton, *Summary Judgments in Texas* §§ 6.03, 6.05, 6.06 (3d ed. 2007). Accordingly, the Lopezes' third argument is overruled.

## TIMING OF MOTION/CONTINUANCE

In their second argument, the Lopezes contend the trial court erred in granting summary judgment prior to the expiration of the discovery period set forth in the agreed docket control order. A party may move for a no evidence summary judgment "[a]fter adequate time for discovery." TEX. R. CIV. P. 166a(i). A discovery deadline in a docket control order is not a conclusive measure of adequate time. *McInnis v. Mallia*, 261 S.W.3d 197, 203 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Instead, the amount of time necessary to constitute an adequate time for discovery depends on the facts and circumstances of each case. *Id*. at 202. "In

determining whether adequate time for discovery has passed, we examine: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion had been on file; (5) whether the movant had requested stricter deadlines for discovery; (6) the amount of discovery already taken place; and (7) whether the discovery deadlines in place were specific or vague." *Martinez v. City of San Antonio*, 40 S.W.3d 587, 591 (Tex. App.—San Antonio 2001, pet. denied).

In this case, the Lopezes filed their lawsuit on February 7, 2008. The agreed docket control order, signed by the trial court on May 21, 2009, set the cause for trial on February 8, 2010, and provided the deadline for discovery would be thirty days before trial. From the documents contained in the record, it appears that extensive discovery had been completed, including the taking of depositions. Sonic and Martinez's motion was filed on November 3, 2009, and amended on December 1, 2009. Accordingly, when the motion was filed, approximately twenty-one months had passed since the lawsuit was filed, and trial was set to begin three months from the original motion and two months from the amended motion. Therefore, the trial court did not abuse its discretion in concluding that an adequate time for discovery had passed. *See Grinnell v. Munson*, 137 S.W.3d 706, 717 (Tex. App.—San Antonio 2004, no pet.) (noting trial court's determination that adequate time for discovery has passed is reviewed under abuse of discretion standard).

The Lopezes also assert the trial court abused its discretion in denying their motion for a continuance, asserting the trial court's granting of the motion to withdraw filed by the Lopezes' attorney placed them at a disadvantage. We review the denial of a motion for continuance under an abuse of discretion standard. *Moreno v. Silva*, No. 05-09-00624-CV, 2010 WL 2817245, at

*2 (Tex. App.—Dallas July 20, 2010, no pet. h.).  When a party contends that it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery, or a verified motion for continuance.  *Mackey v. Great Lakes Investments, Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied).  We initially note that the Lopezes' motion was not verified or supported by an affidavit because the affidavit attached to the motion was not notarized.  *See Moreno*, 2010 WL 2817245, at *3; *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied) (unsworn motion is not verified); *Hall v. Rutherford*, 911 S.W.2d 422, 425 (Tex. App.—San Antonio 1995, writ denied) (statement without notarization is not an affidavit).  We further note that the Lopezes' attorney filed his motion to withdraw on November 23, 2009.  The motion to withdraw appears to have been based on a complaint the Lopezes filed against the attorney with the State Bar of Texas.  The trial court's order granting the motion to withdraw recites that the Lopezes withdrew their objections to the motion at the hearing.  The trial court did not conduct the hearing on the motion for summary judgment until December 22, 2009, almost one month after the motion to withdraw was filed.  Nothing in the record suggests that the Lopezes presented their motion for continuance to the trial court or obtained a ruling.  *See* TEX. R. APP. P. 33.1 (record must show trial court ruled on motion in order to preserve error).  Moreover, nothing in the record suggests that the Lopezes tried to hire a new attorney after their attorney withdrew.  *See Moreno*, 2010 WL 2817245, at *2 (noting record did not show steps were taken to hire new attorney); *Williams v. Bank One, Tex., N.A.*, 15 S.W.3d 110, 115-16 (Tex. App.—Waco 1999, no pet.) (noting appellant failed to show diligence in securing new counsel by identifying counsel who refused to accept her case).  Accordingly, the trial court did not abuse its discretion in proceeding with the hearing on Sonic and Martinez's motion.  *See Williams*, 15

S.W.3d at 115-16 (no abuse of discretion where appellant given approximately forty days to secure new counsel and prepare for summary judgment); *Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 240 (Tex. App.—San Antonio 1999, no pet.) (trial court did not err in setting hearing on motion for summary judgment where appellant had approximately thirty-five days to hire a new attorney to represent him in the summary judgment proceeding).

The Lopezes' second argument is overruled.

### CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice