cv5-022.gallardo 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00022-CV







Rebecca C. Gallardo, Appellant



v.



Austin Diagnostic Clinic Association, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 94-08598, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







PER CURIAM



 Rebecca C. Gallardo sued the Austin Diagnostic Clinic Association (1) for personal
injuries she suffered while working at the clinic. She appeals the summary judgment awarded to
ADC. (2) We will affirm the judgment.



BACKGROUND


 Gallardo's temporary employment agency placed her with ADC in May 1988 so
that she could train to be a dialysis technician. Early in her training period, she began suffering
throat soreness that progressed within hours to interfere with swallowing and breathing. She was
rushed to the emergency room and spent several days in the intensive care unit. After her release,
she continued to receive medical attention for breathing problems. She had laser surgery on her
vocal chords in July 1988. She contends that her continued suffering and consequent treatments
have rendered her totally unemployable.

 On August 15, 1990, Gallardo sued the workers' compensation carrier of her
employment agency. She alleged that she was injured by exposure to haemophilus influenzae
while working in an isolation unit at ADC. She complained that the trainees were advised only
to wear gloves and that they were never given protective clothing or masks. She asserted that the
disease is generally rare, but more common to isolation units. She responded to interrogatories
on November 16, 1990 alleging that she contracted the disease in an isolation unit while working
unprotected on an unsanitized dialysis machine just taken from a patient. At her November 25,
1991 deposition, she maintained that her exposure to contaminated blood during her training
caused her infection.

 On July 14, 1994, she filed this negligence and gross negligence suit against ADC. 
She again alleged exposure to haemophilus influenzae while working at ADC. She claimed she
learned of the means of her infection on July 15, 1992 after an Occupational Safety and Health
Administration investigation. She reprised her claims that she was exposed by her trainer to a
contaminated dialysis machine during training. She also claimed that the trainer instructed her,
contrary to the manufacturer's instruction, to clean and re-use a dialyzer.

 ADC moved for summary judgment, contending that the statute of limitations
barred her claim and that the workers' compensation claim was her exclusive remedy. The court
scheduled a hearing on the motion for October 17, 1994. At Gallardo's request, the court on
October 7, 1994 rescheduled the hearing until November 22, 1994 to give her a chance to hire
an attorney.

 ADC supported its motion with Gallardo's pleadings and discovery responses from
her workers' compensation suit. She responded with her affidavit, swearing that she first learned
in July 1992 that training with the contaminated equipment was an OSHA violation. She also
claimed that she first learned in July 1992 of the special connection between haemophilus
influenzae and dialysis equipment. She included the affidavit of an ADC nurse familiar with the
training procedures who opined that Gallardo could not have contracted the disease through the
training program because she had no patient contact or direct patient care. She also included her
own affidavit, swearing to her allegations regarding the training using the contaminated machine.

 At the hearing, Gallardo orally sought a continuance saying that she had found an
attorney six days before who orally agreed to represent her if she could get the summary judgment
hearing postponed. (3) The court denied the continuance and granted the motion for summary
judgment. The order did not specify on which ground the motion was granted.



DISCUSSION

 Gallardo raises three points of error. Two attack the summary judgment and the
third attacks the denial of the continuance. Because the court did not specify on which ground it
granted the motion for summary judgment, Gallardo must defeat each ground to earn reversal of
the order. See Rogers v. Ricane Enters., Inc., 772 S.W.2d 76, 79 (Tex. 1989).



Summary judgment

 Her first point of error, asserting that the trial court erred by granting summary
judgment, has multiple facets. She complains that the trial court erred by admitting inadmissible,
incompetent summary judgment evidence that did not meet ADC's burden of proof. She also
contends that the trial court erred by "extending its jurisdiction" to the 315th Judicial District. 
She states the burden of proof, and asserts that issues of negligence and proximate cause generally
should not be summarily adjudicated.

 Gallardo waived error regarding the admissibility of the evidence. She failed to
object or get a ruling on objections regarding ADC's summary judgment proof, thereby waiving
error. See Tex. R. App. P. 166a(f); Roberts v. Friendswood Dev. Co., 886 S.W.2d 363, 365
(Tex. App.--Houston [1st Dist.] 1994, writ denied).

 Neither does the "extension" of jurisdiction justify reversal. Gallardo complains
because ADC filed many papers in the trial court below, the 345th Judicial District, bearing
captions of 315th Judicial District. The court denied her motion for default judgment in which
she argued that ADC therefore had failed to answer in the 345th Judicial District. Gallardo has
shown no injury from the miscaptioning. She has not shown lack of service, lack of notice, or
lack of filing in the appropriate court case file. Any error was harmless. We cannot reverse the
judgment on this basis. See Tex. R. App. P. 81(b)(1).

 We will focus our discussion of the summary judgment on the limitations issue. 
A summary judgment movant must show the absence of a material issue of fact and an entitlement
to judgment as a matter of law. Tex. R. Civ. P. 166(c); Nixon v. Mr. Property Management Co.,
690 S.W.2d 546, 548-49 (Tex. 1985). A defendant may win summary judgment by proving all
of the elements of an affirmative defense. Montgomery v. Kennedy, 669 S.W.2d 309, 310-11
(Tex. 1984). When seeking judgment on the defense of limitations, a defendant must prove when
the cause of action accrued and, if applicable, negate the discovery rule. Burns v. Thomas, 786
S.W.2d 266, 267 (Tex. 1990). 

 On appeal, we must take evidence favorable to the nonmovant as true, indulge
every reasonable inference in favor of the nonmovant, and resolve all doubt in the nonmovant's
favor. Nixon, 690 S.W.2d at 548-49. We can consider as grounds for reversal only those issues
presented to the trial court in response to the motion by written answer or response. McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993).

 A suit for negligence causing personal injury must be filed within two years of the
accrual of the cause of action. Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West 1986). A
cause of action accrues when the wrongful act causes injury. Moreno v. Sterling Drug, Inc., 787
S.W.2d 348, 351 (Tex. 1990). The discovery rule tolls the accrual date only when the cause of
action is undiscoverable. Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d 692, 699 (Tex.
App.--Austin 1993, writ denied). The discovery rule tolls the running of the statute until the
plaintiff discovered or, in the exercise of reasonable diligence, should have discovered the nature
of her injury. Id. The statute of limitations on medical malpractice does not begin to run until
the injury is discovered--e.g., a surgical sponge left in the body, Gaddis v. Smith, 417 S.W.2d
577, 580 (Tex. 1967), or continued post-vasectomy fertility, Hays v. Hall, 488 S.W.2d 412, 414
(Tex. 1972). The fact to be discovered is the injury, not all of the elements of the cause of action. 
Seibert v. General Motors Corp., 853 S.W.2d 773, 777 (Tex. App--Houston [14th Dist.] 1993,
no writ). 

 Gallardo filed this suit on July 14, 1994. To survive the limitations bar, her cause
of action must have accrued on or after July 14, 1992.

 ADC's summary judgment evidence showed that Gallardo knew of her injury well
before July 14, 1992. She herself asserts that she fell ill in June 1988 within three days of the
alleged exposure. In her 1990 petition, 1990 interrogatory responses, and 1991 deposition in the
workers' compensation case, she asserted that she had contracted the disease from exposure to
haemophilus influenzae that occurred while working for the isolation unit at the Austin Clinic.

 Gallardo's response did not demonstrate a genuine issue of material fact. She
omitted her claim that the illness rendered her incompetent to learn of her injury, thus waiving
it under McConnell. See 858 S.W.2d at 343. (4) She asserted in her response that the 1992 OSHA
investigation provided her the first notice that the dialysis machine had come from a strict
isolation unit and was "infectiously contaminated" rather than just "dirty." She swore in her
supporting affidavit that the 1992 OSHA report provided her first clue that using a contaminated
machine for the training procedure violated OSHA standards. She also swore that she first learned
in late July 1992 that haemophilus influenzae was distinctly associated with the dialysis
environment and can cause several different illnesses. 

 None of these assertions shows that she first learned of her injury in July 1992. 
Learning that a procedure violated a federal regulation is not the same as learning that the
procedure caused an illness. Learning that a bacterium can cause several illnesses is not the same
as learning that it can cause the illness suffered. Learning that a bacterium is peculiarly associated
with a particular environment might be significant in another case; here, however, the evidence
conclusively and undisputedly showed that Gallardo had asserted in the workers' compensation
case well before July 1992 that she contracted the disease from the dialysis clinic. (5)

 We overrule point one.



Continuance

 We review the denial of a motion for continuance of a summary judgment hearing
for abuse of discretion. Landry v. Texas Am. Bank/Fort Worth, N.A., 788 S.W. 162, 163-64
(Tex. App.--Fort Worth 1990, no writ); see also Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.
1986). Courts generally view plaintiffs as less likely than defendants to need continuances to
defeat summary judgment motions because plaintiffs have presumably investigated their own
cases. Martinez v. Flores, 865 S.W.2d 194, 197 (Tex. App.--Corpus Christi 1993, writ denied). 
A court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any
guiding principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).

 We cannot say that the court committed error, much less reversible error. Before
seeking the continuance, Gallardo, acting pro se, had competently filed a petition and a motion
for default judgment. Though ADC's summary judgment motion had been on file for only two
months when the court denied the continuance, Gallardo had a month earlier filed pro se a
response to the motion for summary judgment with attached evidence. The case had been on file
for only four months, but the injury was more than six years old when the court denied the
continuance. In response to the original setting of the hearing, Gallardo had requested and
received a continuance of the hearing for more than a month so that she could seek counsel. The
record does not reflect a similar request before the second setting. Perhaps most important, we
see no way that counsel would have changed the result. Unless counsel could turn back time,
Gallardo's claims would be barred by the statute of limitations regardless. Any error was
harmless. See Tex. R. App. P. 81(b)(1).

 We overrule point three. 



CONCLUSION


 Our resolution of points of error one and three provides a sufficient basis on which
to sustain the summary judgment. We therefore need not consider point of error two or any point
dealing with the alternate basis of the motion for summary judgment. Tex. R. App. P. 90(a). 


 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 7, 1995

Do Not Publish

1. Gallardo's petition and subsequent documents name "Austin Diagnostic Clinic &
Association" as the defendant. The order granting summary judgment follows the defendant's
practice and omits the ampersand.
2. Gallardo's claims against two unknown defendants were disposed of by the Mother
Hubbard clause in the summary judgment. Those claims are not part of this appeal.
3. Though no written motion appears in the record, ADC concedes that Gallardo orally
sought a continuance. ADC also confirms the nature of her request.
4. In any event, her petition and responses during 1990 and 1991 in the workers'
compensation case would critically undermine a claim of incompetence.
5. Gallardo's claim that she first discovered the higher incidence of haemophilus influenza
at dialysis clinics in 1992 is directly contradicted by her petition and discovery responses
during 1990 and 1991 in the workers' compensation case. Her previously asserted knowledge
of the source of the infection renders this dispute immaterial.