COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-266-CV
 
CALSTAR PROPERTIES, L.L.C.                                                            APPELLANT
V.
ROLLINS ACCEPTANCE COMPANY,                                                      APPELLEES
A DIVISION OF ROLLINS, INC. AND
ORKIN EXTERMINATING COMPANY, INC.
------------
FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
       
Calstar Properties, L.L.C. appeals from a partial summary judgment, which was
later made final, rendered in favor of Rollins Acceptance Company
("Rollins") and Orkin Exterminating Company, Inc. ("Orkin"),
against Calstar Properties, L.L.C. ("Calstar Properties") and Calstar,
L.L.C. ("Calstar"). In one issue, Calstar Properties asserts that the
trial court erred by granting the motion for partial summary judgment because:
(1) Rollins and Orkin's summary judgment evidence is insufficient and (2) there
were genuine issues of material fact. We affirm.
BACKGROUND
       
On June 8, 1999, Orkin entered into a "5-Year Subterranean Termite
Retreatment Agreement" with the Green Oaks Hotel in which the Green Oaks
Hotel agreed to pay Orkin $23,744.63 for Orkin's termite services. Orkin
performed under the contract by inspecting and treating the hotel premises on
June 30, 1999, but the hotel did not pay Orkin.
       
On November 11, 1999, "Calstar Properties d/b/a Green Oaks Hotel"
entered a Retail Installment Contract with Rollins Acceptance Company, of which
Orkin is a subsidiary, that allowed Calstar Properties to pay the $23,744.63 in
twelve monthly installments of $2,194.95. The Retail Installment Contract was
signed by Chi In Jones in his capacity as "Vice President/CFO" of
"Calstar Properties d/b/a Green Oaks Hotel." Neither Orkin nor Rollins
received any payments for the termite control services Orkin provided.
       
Rollins and Orkin sued Calstar Properties, Calstar, and Sunstone L.L.C. for
breach of contract, fraud, negligent misrepresentation, and unjust enrichment.
The trial court granted Rollins and Orkin's motion for partial summary judgment
on the breach-of-contract claim. Rollins and Orkin then nonsuited Sunstone L.L.C.
and nonsuited the fraud, negligent misrepresentation, and unjust enrichment
claims against both Calstar entities. The trial court entered final judgment in
favor of Rollins and Orkin, ordering Calstar Properties and Calstar to pay
damages, post-judgment interest, court costs, and attorneys fees. Calstar does
not appeal the judgment.
STANDARD OF REVIEW
       
In a traditional summary judgment case, the issue on appeal is whether the
movant met his summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).  Evidence that favors the movant's
position will not be considered unless it is uncontroverted.  Great Am.
Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47
(Tex. 1965).  Once the movant produces sufficient evidence to establish the
right to summary judgment, the burden shifts to the nonmovant to come forward
with competent controverting evidence raising a genuine issue of material fact. Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).
DISCUSSION
       
The motion for summary judgment was supported by the affidavit of Steve
Woodruff, Orkin's Region Manager for the Northeast Texas Region.  Both
contracts and the Orkin inspection and treatment reports were attached to the
affidavit.  Calstar Properties did not controvert the affidavit. Instead,
its response consisted of objections based on contentions that the affidavit was
conclusory, not based on personal knowledge, and referenced hearsay
documents.  Calstar Properties did not obtain a ruling from the trial court
on these objections.  An affidavit of Sailor Kennedy, attached to the
response, did not identify his relationship with any party to the case and did
not contain any statements pertaining to Calstar Properties' liability.
       
"A summary judgment may be based on uncontroverted testimonial evidence of
an interested witness, . . . if the evidence is clear, positive and direct,
otherwise credible and free from contradictions and inconsistencies, and could
have been readily controverted."  Tex. R. Civ. P. 166a(c). 
Woodruff's affidavit sets forth facts concerning both contracts, Orkin's work at
the Green Oaks Hotel, and Calstar Properties' failure to pay as required by the
second contract. These facts could have been easily controverted, but they were
not.
       
Woodruff avers that the statements made in his affidavit are based on his
personal knowledge, and he explains that he acquired that personal knowledge as
a result of his position and job duties as Orkin's regional manager. The
requirement that summary judgment affidavits be made on personal knowledge is
satisfied by an affirmative showing in the affidavit of how the affiant became
personally familiar with the facts so as to be able to testify as a witness. Coleman
v. United Sav. Ass'n of Tex., 846 S.W.2d 128, 131 (Tex. App.--Fort Worth
1993, no writ.). A person's position or job responsibilities can peculiarly
qualify him to have personal knowledge concerning each of the facts in the
supporting affidavit. Boswell v. Farm & Home Sav. Ass'n, 894 S.W.2d
761, 768 (Tex. App.--Fort Worth 1994, writ denied). The statements in Woodruff's
affidavit were adequately shown to have been based on his personal knowledge and
were not conclusory.
       
Both contracts and the Orkin inspection and treatment reports concerning Orkin's
work at the Green Oaks Hotel were attached as exhibits to Woodruff's affidavit. See
Tex. R. Evid. 902(10)(a). In his affidavit, Woodruff stated that those documents
were (1) made by, or from information transmitted by, a person with knowledge of
the events or conditions recorded; (2) the documents were made at or near the
time of the events or conditions recorded; and (3) the documents were made and
kept in the regular course of Orkin business. Therefore, the documents fall
within the business records exception to the hearsay rule. See Tex. R.
Evid. 803(6); see also Zarges v. Bevan, 652 S.W.2d 368, 369 (Tex. 1983)
(op. on reh'g) (holding affidavit attached to motion for summary judgment that
incorporates and authenticates document renders document competent summary
judgment proof).
       
To prevail on their breach-of-contract claim, Rollins and Orkin had to show that
there was a valid contract, that the contract created duties, that Calstar
Properties breached a duty under the contract, and that Rollins and Orkin
suffered damages as a result. Snyder v. Eanes Indep. Sch. Dist., 860
S.W.2d 692, 695 (Tex. App.--Austin 1993, writ denied). Through Woodruff's
affidavit, Rollins and Orkin established that there was a valid contract between
Rollins and Calstar Properties, signed by Chi In Jones in his corporate capacity
as vice-president and CFO of Calstar Properties, obligating Calstar Properties
to make monthly payments to Rollins for the work its subsidiary, Orkin, had
already performed at the Green Oaks Hotel and for which it was owed the lump sum
amount of $23,744.63. Woodruff's affidavit also showed that Calstar Properties
made no payments, and that Rollins suffered damages.
       
In its brief, Calstar Properties lists, without discussion, what it
characterizes as eleven "obvious" genuine issues of material fact.
However, after Rollins and Orkin established their right to summary judgment on
the breach-of-contract claim, Calstar Properties offered no controverting
summary judgment evidence. Centeq Realty, 899 S.W.2d at 197.
The eleven issues listed by Calstar Properties in its brief either were proven
by Rollins and Orkin, were immaterial, or, as Calstar Properties admits, were
irrelevant.
CONCLUSION
       
We hold that Rollins and Orkin established, by competent summary judgment
evidence, that they were entitled to summary judgment on their
breach-of-contract claim against Calstar Properties. Accordingly, we overrule
Calstar Properties' issue and affirm the trial court's judgment.
 
                                                           ANNE
GARDNER
                                                           JUSTICE
 
PANEL B: LIVINGSTON, GARDNER, and WALKER,
JJ.
DELIVERED: June 12, 2003

1. See  Tex. R. App. P. 47.4.