NO. 07-04-0051-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



OCTOBER 29, 2004



______________________________




MARCIA A. GILLER D/B/A AME HOME HEALTH CARE, APPELLANT



V.



EXCEL FINANCIAL CO., APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2001-592,053; HONORABLE PAULA LANEHART, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ. 

MEMORANDUM OPINION


 Appellant Marcia A. Giller d/b/a AME Home Health Care filed a notice of appeal
challenging the trial court's judgment in favor of appellee Excel Financial Co. in its action
to recover on a commercial equipment lease after Home Health Care defaulted. The
clerk's record and reporter's record have both been filed. Home Health Care's brief was
due to be filed no later than June 28, 2004, but has yet to be filed, and no motion for
extension of time was filed. By letter dated October 7, 2004, this Court notified Home
Health Care of the defect and directed it to file a response reasonably explaining the failure
to file a brief with a showing that Excel Financial has not been significantly injured by the
delay by October 18, 2004. The Court also noted that failure to file a response might result
in dismissal of the appeal pursuant to Rule 38.8 of the Texas Rules of Appellate Procedure. 
Home Health Care did not respond and the brief remains outstanding.

 Accordingly, we dismiss this appeal for want of prosecution and failure to comply
with a directive of this Court. See Tex. R. App. P. 38.8(a)(1) and 42.3(b).

 Don H. Reavis

 Justice



ciary duties owed Llano and
committed fraud. After being sued, both the Bank and Diversified filed traditional and no
evidence motions for summary judgment. So too did they request attorney's fees and court
costs. Though the summary judgment motions were granted, those seeking fees and costs
were denied. 

 Through four issues, Llano contends that 1) the trial court erred in granting the
motions for summary judgment, 2) a fact issue exists concerning whether the Bank and
Diversified acted in bad faith, 3) the Bank and Diversified were not entitled to enforce the
contract's early termination penalty provisions due to their bad faith, and 4) the Bank and
Diversified may not invoke the contract to bar prosecution of its fraudulent inducement
claim. The Bank and Diversified posit that the trial court should have awarded them fees
and costs. We affirm the judgment in part and reverse and remand it in part.

 Llano Issue Two - Some Evidence of Bad Faith

 We initially address issue two because Llano's remaining issues are dependent
upon its successful disposition. Through it, Llano alleges that there existed some evidence
of material fact sufficient to deny the Bank and Diversified judgment as a matter of law. 
The evidence purportedly illustrated that Llano's opponents acted in bad faith when raising
the reserve from 12.75% to 17.75%. And, this evidence was of import because they had
an implied obligation to act in good faith when modifying the reserve. We overrule the
issue.

 According to paragraph 18 of the contract, the factor (Diversified or the Bank) 

 may reserve and withhold an amount in a reserve account equal to twelve
and three quarters percent (12 3/4%) of the gross face amount of all
accounts purchased. Said reserve account may be held by FACTOR and
applied by FACTOR against charge-backs or any obligations of [Llano], and
said reserve account is not due and payable . . . until any and all potential
obligations owing by and satisfied [sic]. [Llano] gives to FACTOR a security
interest in this reserve account, which secures all obligations and
indebtedness arising under this factoring agreement. 


In paragraph 48, the parties also agreed that


 . . . between [Llano] and FACTOR . . . FACTOR will fund eighty-seven and
one quarter percent (87 1/4%) of the face value of each invoice [and] . . . [a]t
the time of purchase FACTOR will deduct the initial factoring fee/discount
and the reserve as stated in Section 16 & 18 of the Security Agreement. 
Additional fees/discounts will be taken by FACTOR from the reserve as
described in Provision 48(B). Additional reserve may be taken when deemed
necessary by FACTOR.


(Emphasis added). It is the italicized verbiage in paragraph 48 that is pivotal here. While
it permitted the factor to increase the percentage of reserve, Llano reads into it an implied
term obligating the factor to act in good faith. That is, it believes that the factor could not
raise the rate unless it did so in good faith. That Llano attempts to imply this restriction into
the agreement is beyond dispute for it appears nowhere in the written document. Yet, our
Supreme Court cautioned against implying terms into contracts. Universal Health Serv.,
Inc. v. Renaissance Women's Group, P.A., 121 S.W.3d 742, 747 (Tex. 2003) (stating that
in "rare circumstances, . . . a court may imply a covenant in order to reflect the parties' real
intentions" but "courts must be quite cautious in exercising this power"). Indeed, a term
"will not be implied simply to make a contract fair, wise, or just." Id. at 748. Rather, they
can be declared to exist "'only when there is a satisfactory basis in the express contract[]
. . . which makes it necessary to imply duties and obligations . . . to effect the purposes of
the parties in the contract[ ] made.'" Id. at 747-48, quoting Freeport Sulphur Co. v.
American Sulphur Royalty Co., 117 Tex. 439, 6 S.W.2d 1039 (1928); accord Snyder v.
Eanes Indep. Sch. Dist., 860 S.W.2d 692, 697 (Tex. App.-Austin 1993, writ denied) (stating
that implied covenants are permitted only on the grounds of necessity). As can be seen,
necessity is the triggering agent, and that agent does not exist if the subject encompassed
by the supposed implied term is already within the scope of an express term. So, where
there already exists an express term covering a particular subject, no implied term can exist
encompassing the same subject. Freeport Sulphur Co. v. American Sulphur Royalty Co.,
6 S.W.2d at 1043; Snyder v. Eanes Indep. Sch. Dist., 860 S.W.2d at 697. And, there lies
the deficiency in Llano's contention.

 Nothing was said about acting in good faith when the parties to the agreement
before us addressed the topic of increasing the reserve. Rather, they expressly agreed
that the reserve could be raised when "deemed necessary by [the] FACTOR." Necessity
being the expressed triggering factor, good faith cannot be substituted in its stead. In other
words, since there already existed an express provision encompassing when and how the
reserve could be modified, neither we nor Llano may imply a covenant involving the same
topic. So, we reject the invitation to burden, through implying omitted terms, the factor's
right to alter the reserve since the parties had expressly acknowledged the factor's authority
to act when it deemed the action necessary.

 Next, in urging its point on appeal, Llano focused upon evidence of its opponents'
lack of good faith. No effort went into explaining why the increase was not "necessary"
from the viewpoint of either Diversified or the Bank. Given this, the fact that Llano's
appellate issue lives or dies on our imposition of an implied term of good faith, and our
refusal to read such a requirement into paragraph 48, we hold that the trial court did not err
in awarding Diversified and the Bank summary judgment as a matter of law. 

 Llano's Remaining Issues

 As previously alluded to, the viability of Llano's remaining issues are dependent
upon its success on issue two. Having overruled issue two, we overrule issues one, three
and four as well.

 Issue One of Diversified and the Bank

 Through this issue, Diversified and the Bank allege that the trial court erred in
denying them attorney's fees. This is so because they were contractually entitled to such
fees as prevailing parties. We overrule the contention. 

 Via paragraph 34 of the agreement, the signatories provided that the "losing party
will pay any and all legal expenses and reasonable attorney's fees that the prevailing party
may incur as a result of either CLIENT or FACTOR enforcing this Agreement one against
the other." As can be seen, this provision entitles a prevailing party to attorney's fees. Yet,
it also requires that the fees be "reasonable." And, assuming arguendo, that Diversified
and the Bank were prevailing parties, we have been cited to (and found) no evidence
illustrating that the $35,860.55 in fees incurred were reasonable. No affidavit purporting
to supply the requisite information accompanied their request. Nor did the unsworn
statement appearing in the motion regarding the reasonableness of the fees suffice
because unsworn statements in pleadings, as well as motions, are not evidence. In re
J.N.F., 116 S.W.3d 426, 436 (Tex. App.-Houston [14th Dist.] 2003, no pet.). (1) 
Consequently, we hold that the trial court did not err in denying the motion for attorney's
fees.

 Issue Two - Costs

 In their last issue, Diversified and the Bank claim that the trial court erred in failing
to award them court costs. We sustain the contention.

 Rule 131 provides that "[t]he successful party to a suit shall recover of his adversary
all costs incurred therein . . . ." However, a trial court may assess costs differently for good
cause. Tex. R. Civ. P. 141; Furr's Supermarkets, Inc. v. Bethune, 53 S.W.3d 375, 376 (Tex.
2001). And, if it opts to assess them differently, then it must memorialize on the record the
purported good cause allowing it to do so; otherwise, it abuses its discretion. Marion v.
Davis, 106 S.W.3d 860, 869 (Tex. App.-Dallas 2003, pet. denied). Finally, these rules
apply to summary judgment proceedings. Texas River Barges v. City of San Antonio, 21
S.W.3d 347, 358 (Tex. App.-San Antonio 2000, pet. denied). 

 Here, it cannot be denied that Diversified and the Bank were the successful parties
in the suit. Thus, they were entitled to their court costs unless the trial court found good
cause to deny them same. While the trial court denied their request, it provided no reasons
to justify its decision. Thus, it abused its discretion. 

 In summary, we affirm the take-nothing summary judgment and order denying
Diversified and the Bank attorney's fees. We reverse the order denying those two parties
their court costs and remand that issue for further proceedings.


 Brian Quinn 

 Chief Justice 
1. Reference by Diversified and the Bank to §38.004 of the Texas Civil Practice and Remedies Code
and Budd v. Gay, 846 S.W.2d 521 (Tex. App.-Houston [14th Dist.] 1993, no writ) is unavailing. Those
authorities concern effort to recover fees incurred while prosecuting the type of claims itemized in §38.001 of
the Civil Practice and Remedies Code. Yet, neither Diversified nor the Bank argue that their defense against
the claims of Llano fell within any of the categories specified in §38.001. Nor do we find that they do. 
Consequently, neither §38.004 nor Budd applies. Coward v. Gateway Nat. Bank, 525 S.W.2d 857, 858-59
(Tex. 1975) (holding that the predecessor of §38.001 et seq. applied solely to claims mentioned in the statute);
Southwest Bell Mobile Sys., Inc. v. Franco, 951 S.W.2d 218, 226 (Tex. App.-Corpus Christi 1997), rev'd on
other grounds, 971 S.W.2d 52 (Tex. 1998) (holding that §38.001 et seq. applies only to the attempt to recover
upon the claims itemized in §38.001).