NO. 07-04-0565-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 2, 2006
_____

CLOVIS CORPORATION d/b/a LLANO
PERMIAN ENVIRONMENTAL,

                                              Appellant

v.

LUBBOCK NATIONAL BANK and
DIVERSIFIED LENDERS, INC.,

                                              Appellees
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-522,192; HON. SAM MEDINA, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Clovis Corporation d/b/a Llano Permian Environmental (Llano) appeals from a final summary judgment denying it recovery against Lubbock National Bank (the Bank) and Diversified Lenders, Inc. (Diversified). In turn, the Bank and Diversified appeal from an order denying them attorney's fees. According to the record, Llano sued the Bank and Diversified for breach of contract, tortious interference with contract, breach of fiduciary duty, and fraudulent inducement. The claims arose from a factor transaction. That is,

Diversified agreed to buy and Llano agreed to sell various accounts receivable. To effectuate that purpose, the two executed a document entitled "Security and Factoring Agreement." Shortly after the document was executed, Diversified assigned its interest in the contract to the Bank. The dispute before us concerned the Bank's decision to increase the amount of reserve it retained under the contract from 12.75% to 17.75%. In so raising the reserve, the Bank and/or Diversified allegedly breached the agreement, engaged in tortious interference with contract, breached various fiduciary duties owed Llano and committed fraud. After being sued, both the Bank and Diversified filed traditional and no evidence motions for summary judgment. So too did they request attorney's fees and court costs. Though the summary judgment motions were granted, those seeking fees and costs were denied.

Through four issues, Llano contends that 1) the trial court erred in granting the motions for summary judgment, 2) a fact issue exists concerning whether the Bank and Diversified acted in bad faith, 3) the Bank and Diversified were not entitled to enforce the contract's early termination penalty provisions due to their bad faith, and 4) the Bank and Diversified may not invoke the contract to bar prosecution of its fraudulent inducement claim. The Bank and Diversified posit that the trial court should have awarded them fees and costs. We affirm the judgment in part and reverse and remand it in part.

*Llano Issue Two – Some Evidence of Bad Faith*

We initially address issue two because Llano's remaining issues are dependent upon its successful disposition. Through it, Llano alleges that there existed some evidence of material fact sufficient to deny the Bank and Diversified judgment as a matter of law. The evidence purportedly illustrated that Llano's opponents acted in bad faith when raising

2

the reserve from 12.75% to 17.75%. And, this evidence was of import because they had an implied obligation to act in good faith when modifying the reserve. We overrule the issue.

> According to paragraph 18 of the contract, the factor (Diversified or the Bank)

> > may reserve and withhold an amount in a reserve account equal to twelve and three quarters percent (12 3/4%) of the gross face amount of all accounts purchased. Said reserve account may be held by FACTOR and applied by FACTOR against charge-backs or any obligations of [Llano], and said reserve account is not due and payable . . . until any and all potential obligations owing by and satisfied [sic]. [Llano] gives to FACTOR a security interest in this reserve account, which secures all obligations and indebtedness arising under this factoring agreement.

> In paragraph 48, the parties also agreed that

> > . . . between [Llano] and FACTOR . . . FACTOR will fund eighty-seven and one quarter percent (87 1/4%) of the face value of each invoice [and] . . . [a]t the time of purchase FACTOR will deduct the initial factoring fee/discount and the reserve as stated in Section 16 & 18 of the Security Agreement. Additional fees/discounts will be taken by FACTOR from the reserve as described in Provision 48(B). *Additional reserve may be taken when deemed necessary by FACTOR.*

(Emphasis added). It is the italicized verbiage in paragraph 48 that is pivotal here. While it permitted the factor to increase the percentage of reserve, Llano reads into it an implied term obligating the factor to act in good faith. That is, it believes that the factor could not raise the rate unless it did so in good faith. That Llano attempts to imply this restriction into the agreement is beyond dispute for it appears nowhere in the written document. Yet, our Supreme Court cautioned against implying terms into contracts. *Universal Health Serv., Inc. v. Renaissance Women's Group, P.A.*, 121 S.W.3d 742, 747 (Tex. 2003) (stating that in "rare circumstances, . . . a court may imply a covenant in order to reflect the parties' real intentions" but "courts must be quite cautious in exercising this power"). Indeed, a term

"will not be implied simply to make a contract fair, wise, or just." *Id.* at 748. Rather, they can be declared to exist "'only when there is a satisfactory basis in the express contract[] . . . which makes it necessary to imply duties and obligations . . . to effect the purposes of the parties in the contract[ ] made.'" *Id.* at 747-48, *quoting Freeport Sulphur Co. v. American Sulphur Royalty Co.*, 117 Tex. 439, 6 S.W.2d 1039 (1928); *accord Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d 692, 697 (Tex. App.–Austin 1993, writ denied) (stating that implied covenants are permitted only on the grounds of necessity). As can be seen, necessity is the triggering agent, and that agent does not exist if the subject encompassed by the supposed implied term is already within the scope of an express term. So, where there already exists an express term covering a particular subject, no implied term can exist encompassing the same subject. *Freeport Sulphur Co. v. American Sulphur Royalty Co.*, 6 S.W.2d at 1043; *Snyder v. Eanes Indep. Sch. Dist.*, 860 S.W.2d at 697. And, there lies the deficiency in Llano's contention.

Nothing was said about acting in good faith when the parties to the agreement before us addressed the topic of increasing the reserve. Rather, they expressly agreed that the reserve could be raised when "deemed necessary by [the] FACTOR." Necessity being the expressed triggering factor, good faith cannot be substituted in its stead. In other words, since there already existed an express provision encompassing when and how the reserve could be modified, neither we nor Llano may imply a covenant involving the same topic. So, we reject the invitation to burden, through implying omitted terms, the factor's right to alter the reserve since the parties had expressly acknowledged the factor's authority to act when it deemed the action necessary.

4

Next, in urging its point on appeal, Llano focused upon evidence of its opponents' lack of good faith. No effort went into explaining why the increase was not "necessary" from the viewpoint of either Diversified or the Bank. Given this, the fact that Llano's appellate issue lives or dies on our imposition of an implied term of good faith, and our refusal to read such a requirement into paragraph 48, we hold that the trial court did not err in awarding Diversified and the Bank summary judgment as a matter of law.

*Llano's Remaining Issues*

As previously alluded to, the viability of Llano's remaining issues are dependent upon its success on issue two. Having overruled issue two, we overrule issues one, three and four as well.

*Issue One of Diversified and the Bank*

Through this issue, Diversified and the Bank allege that the trial court erred in denying them attorney's fees. This is so because they were contractually entitled to such fees as prevailing parties. We overrule the contention.

Via paragraph 34 of the agreement, the signatories provided that the "losing party will pay any and all legal expenses and reasonable attorney's fees that the prevailing party may incur as a result of either CLIENT or FACTOR enforcing this Agreement one against the other." As can be seen, this provision entitles a prevailing party to attorney's fees. Yet, it also requires that the fees be "reasonable." And, assuming *arguendo*, that Diversified and the Bank were prevailing parties, we have been cited to (and found) no evidence illustrating that the $35,860.55 in fees incurred were reasonable. No affidavit purporting to supply the requisite information accompanied their request. Nor did the unsworn statement appearing in the motion regarding the reasonableness of the fees suffice

5

because unsworn statements in pleadings, as well as motions, are not evidence. *In re J.N.F.,* 116 S.W.3d 426, 436 (Tex. App.–Houston [14th Dist.] 2003, no pet.).[1] Consequently, we hold that the trial court did not err in denying the motion for attorney's fees.

*Issue Two – Costs*

In their last issue, Diversified and the Bank claim that the trial court erred in failing to award them court costs. We sustain the contention.

Rule 131 provides that "[t]he successful party to a suit shall recover of his adversary all costs incurred therein . . . ." However, a trial court may assess costs differently for good cause. TEX. R. CIV. P. 141; *Furr's Supermarkets, Inc. v. Bethune,* 53 S.W.3d 375, 376 (Tex. 2001). And, if it opts to assess them differently, then it must memorialize on the record the purported good cause allowing it to do so; otherwise, it abuses its discretion. *Marion v. Davis,* 106 S.W.3d 860, 869 (Tex. App.–Dallas 2003, pet. denied). Finally, these rules apply to summary judgment proceedings. *Texas River Barges v. City of San Antonio,* 21 S.W.3d 347, 358 (Tex. App.–San Antonio 2000, pet. denied).

Here, it cannot be denied that Diversified and the Bank were the successful parties in the suit. Thus, they were entitled to their court costs unless the trial court found good

---

[1]Reference by Diversified and the Bank to §38.004 of the Texas Civil Practice and Remedies Code and *Budd v. Gay*, 846 S.W.2d 521 (Tex. App.–Houston [14th Dist.] 1993, no writ) is unavailing. Those authorities concern effort to recover fees incurred while prosecuting the type of claims itemized in §38.001 of the Civil Practice and Remedies Code. Yet, neither Diversified nor the Bank argue that their defense against the claims of Llano fell within any of the categories specified in §38.001. Nor do we find that they do. Consequently, neither §38.004 nor *Budd* applies. *Coward v. Gateway Nat. Bank*, 525 S.W.2d 857, 858-59 (Tex. 1975) (holding that the predecessor of §38.001 *et seq.* applied solely to claims mentioned in the statute); *Southwest Bell Mobile Sys., Inc. v. Franco*, 951 S.W.2d 218, 226 (Tex. App.–Corpus Christi 1997), *rev'd on other grounds*, 971 S.W.2d 52 (Tex. 1998) (holding that §38.001 *et seq.* applies only to the attempt to recover upon the claims itemized in §38.001).

cause to deny them same.  While the trial court denied their request, it provided no reasons to justify its decision.  Thus, it abused its discretion.

In summary, we affirm the take-nothing summary judgment and order denying Diversified and the Bank attorney's fees.  We reverse the order denying those two parties their court costs and remand that issue for further proceedings.


Brian Quinn
Chief Justice